**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: June 29 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-33814 |
| | ) | |
| Charles D. Hamrick, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION FOR CONTEMPT, SANCTIONS AND TO COMPEL PRODUCTION OF DOCUMENTS

This case is before the court on Creditor Thomas Briggs' Motion for Contempt, Sanctions and to Compel Production of Documents with respect to Eagle Engineering Water Technology, LLC, ("Motion") [Doc. # 44], and the memorandum in opposition filed by Eagle Engineering Water Technology, LLC ("Eagle Engineering") [Doc. # 53]. The court held a hearing on the Motion at which attorneys for Thomas Briggs ("Briggs"), Eagle Engineering, the Chapter 7 Trustee and Debtor all attended in person. For the reasons that follow, Briggs' Motion will be granted.

### FACTUAL BACKGROUND

Briggs is a creditor in this Chapter 7 case. On February 4, 2015, the court granted Briggs' motion for a Rule 2004 examination of Debtor, which was ordered to occur by March 20, 2015. [Doc. # 28]. In that order, the court stated that Briggs was permitted to serve the requests for production of documents on Debtor and the subpoenas *duce tecum* attached to the motion on GLA Water Consultants, Ltd. and Eagle

Engineering and that the requested production of documents was to occur at least seven days before the scheduled 2004 examination. [*See* Doc. ## 15 & 28]. In accordance therewith, on February 9, 2011, a subpoena duces tecum was duly and properly served on Eagle Engineering's statutory agent, attorney Andrew Ayers, at his business address at 7050 Spring Meadows West Dr., Holland, Ohio 43528. [Doc. # 44, Ex. 1, p. 6]. The subpoena required the production of the requested documents by February 20, 2015, at the law firm of counsel for Briggs. [*Id.* at 1].

On February 16, 2015, attorney Robert Bahret ("Bahret"), of the same law firm as Eagle Engineering's statutory agent, sent an email to Briggs' attorney, Rebecca Shope ("Shope"), regarding "subpoena issued to [Debtor] Charles Hamrick." [*Id.*, Ex. 3, p. 2-3]. In his email, Bahret indicated that his client had twenty-eight days to respond and that he would not be able to respond by February 20. [*Id.* at 3]. Bahret also stated in the email that he interprets a request for "all correspondence and emails to or from Chuck Hamrick" to mean "correspondence dealing with GLA water Mgt matters that are not protected by attorney client privilege" and that he has "no intention of giving [Shope] emails and correspondence protected by privilege or dealing with personal matters not related to business." [*Id.*].

In response, Shope clarified that the subpoenas were issued to entities, not to Debtor, and agreed to extend the entities' time to produce the documents requested to March 9, 2015. She acknowledged that the requests were not intended to obtain attorney-client privileged information. [*Id.* at 2]. Bahret responded on February 18, 2015, stating that he understood that "the bankruptcy court ordered certain documents to be produced 7 days prior to deposition but NOT the list that you requested" and that Debtor and his bankruptcy counsel were "actively working on gathering the documents responsive to the requests." [*Id.*].

On March 12, 2015, after receiving documents responsive as to requests of Debtor and GLA Water Consultants, Ltd. but not as to Eagle Engineering, Shope inquired of Bahret as to why Eagle Engineering failed to respond to the subpoena served on it. [*Id.* at 1]. On April 23, 2015, Bahret responded that his office has no records of anything other than documents setting up the LLC and that "even if [his office] DID have those records for eagle [he] would not voluntarily produce them since Eagle is not a party to the bankruptcy petition of Chuck Hamrick. . . ." [*Id.*].

On May 1, 2015, Briggs filed the instant Motion, which was properly served on Eagle Engineering and its counsel. In doing so, Briggs has incurred attorney fees in the amount of $297. [*See* Doc. # 44, Ex. 5]. On May 7, 2015, Eagle Engineering provided certain documents to Shope in response to the subpoena. On May 28, 2015, Eagle Engineering filed its opposition to the Motion and attached thereto a written

2

response to each document request. With respect to six of the document requests, the written response includes objections that the documents requested are "confidential" and/or are "trade secrets." [Doc. # 53, Ex. A, ## 11]. As to the document request for correspondence with Debtor, "for the time period January 1, 2013 to the present," Eagle Engineering objects to the request as being "[o]verly broad, burdensome, and for the most part irrelevant, not to mention that some matters are clearly projected (sic) by attorney-client privilege." [*Id.* at # 12].

## LAW AND ANALYSIS

Briggs seeks an order compelling Eagle Engineering to produce the documents required by the subpoena that were withheld pursuant to the objections set forth on May 28, 2015, in its written response to the subpoena, arguing that any objections have been waived. In addition, Briggs seeks an order finding Eagle Engineering in contempt and imposing sanctions consisting of the attorney fees incurred by him in enforcing the subpoena.

### I. Waiver of Objections to Document Requests

Rule 45 of the Federal Rules of Civil Procedure, made applicable in this case by Rule 9016 of the Federal Rules of Bankruptcy Procedure, provides that "[a] command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). A person commanded to produce documents "may serve on the party or attorney designated in the subpoena a written objection" which "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). In addition, Rule 45 mandates that a person withholding subpoenaed material under a claim of privilege "must . . . expressly make the claim" and "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2).

Barring unusual circumstances and for good cause shown, the failure to serve written objections to a subpoena *duces tecum* within the time specified by Rule 45 constitutes a waiver of any objection, including attorney-client privilege. *American Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999); *Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D. Idaho 2013); *Universal City Dev. Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005). Courts have found unusual circumstances where the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith. *Wade*, 287 F.R.D. at 641.

In this case, Brigg's counsel agreed to extend the time for production of documents until March 9, 2015. However, no document was produced until May 7, 2015, and not until after Briggs filed his Motion. And no written objection to the command to produce documents was served until May 28, 2015. Although Bahret's email dated February 16, 2015, can be construed as raising a general objection to a request for correspondence as being protected by the attorney client privilege, that objection was made in connection with a document request served on Debtor, not Eagle Engineering. Furthermore, it was neither accompanied by, nor followed by, a privilege log, as required by Rule 45(e)(2). As one court noted, "the operative language [of the rule] is mandatory and . . . courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log." *In re Grand Jury Subpoena*, 274 F.3d 563, 575 (1st Cir. 2001). The failure to do so without justification results in waiver of the privilege. *Id.* at 576; *Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*, 100 F.3d 919, 923-24 (Fed. Cir. 1997).

The court also finds no unusual circumstances that weigh in favor of considering any other of Eagle Engineering's objections. The court does not find the subpoena facially overbroad. And while Eagle Engineering is a non-party, there was no good-faith attempt to comply with the subpoena until after Briggs' Motion was filed. No justification for such a delay has been offered. Rather, as stated in Bahret's April 23, 2015, email, Eagle Engineering had simply refused to produce any of the documents requested.

For the foregoing reasons, the court finds that Eagle Engineering has waived any objection to the command in the subpoena to produce documents. Briggs' motion will therefore be granted to the extent that it seeks an order compelling production of documents withheld pursuant to Eagle Engineering's untimely objections.

**II. Contempt**

Rule 45(g) provides that "[t]he court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(e). To find civil contempt the court must consider the following: "(1) did the respondent receive appropriate notice of the alleged contempt; (2) did the acts or failure to act constitute contempt of court; and (3) if so, what is the appropriate consequence." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001). The party alleging contempt has the burden of establishing such contempt by clear and convincing evidence. *Id.*

In this case, the facts described above show that Eagle Engineering was duly and properly served with the subpoena *duces tecum* and with Briggs' Motion and was represented at the hearing on the Motion. The Motion clearly and adequately describes the nature of the alleged contempt as Eagle Engineering's

failure to produce documents required by the subpoena. When a nonparty is served with a subpoena *duces tecum,* it has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3). Eagle Engineering clearly failed to pursue any of these options. That such failure constitutes contempt of court is established by the plain terms of Rule 45(g) specifying that disobedience of a subpoena without adequate excuse, as has occurred here, is an act of contempt.

Civil contempt sanctions may "be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *United States v. Bayshore Assoc., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). In this case, the court finds it appropriate to assess Eagle Engineering $297, payable to Briggs to compensate him for attorney fees incurred in filing this Motion.

The court will enter a separate order in accordance with this Memorandum of Decision.

###